# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cr-20056 |
| ) | |
| JERMAINE R. SPEED, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jermaine Speed's Amended Motion for Compassionate Release (d/e 66) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On November 18, 2014, Defendant pled guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), as charged in Count 4 of the Indictment. On March 9, 2015, United States District Judge Colin S. Bruce sentenced Defendant to 216 months' imprisonment and 8 years of supervised release. The other three counts of the Indictment were dismissed at Defendant's sentencing.

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant qualified as a career offender under the United States Sentencing Guidelines and faced an imprisonment guideline range of 262 to 327 months. PSR (d/e 22), ¶¶ 25, 69. Defendant is noted as standing 5 feet, 9 inches tall and weighing 211 pounds. Id. ¶ 56.

Defendant is currently serving his sentence at FCI Elkton and has a projected release date of January 21, 2030. As of June 4, 2020, the Bureau of Prisons (BOP) reports that FCI Elkton currently has 431 confirmed cases of COVID-19. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed June 4, 2020). The BOP also reports that an additional 192 individuals at FCI Elkton who contracted COVID-19 have recovered. See id. Nine inmates at FCI Elkton who contracted COVID-19 have died. See id.

On May 15, 2020, Defendant filed a pro se motion for compassionate release (d/e 62) pursuant to 18 U.S.C. § 3582(c)(1)(A). On May 20, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. Defendant

requests compassionate release due to his hypertension and the COVID-19 pandemic. Defendant claims to take three medications to treat his hypertension. Status Report (d/e 67), at 1. Defendant's request to the BOP for compassionate release was denied in a letter dated May 5, 2020. Letter (d/e 64), at 2.

Defendant proposes to live with his cousin if he is released from custody. Status Report, at 1. The United States Probation Office, in a Memorandum (d/e 68) addressing Defendant's request for compassionate release, concludes that, although Defendant's cousin is a convicted felon, the cousin's apartment is a suitable residence for Defendant.

On May 26, 2020, the Government filed a Response to the Defendant's Motion for Sentence Reduction (d/e 69). In opposing Defendant's motion, the Government argues that Defendant has not proffered an extraordinary and compelling reason warranting a sentence reduction and that Defendant's release would present a danger to the community. The Government notes that the current position of the Centers for Disease Control and Prevention (CDC) is that people with hypertension and no other underlying health conditions are not at a greater risk of becoming severely ill from

COVID-19.  See Response (d/e 69), at 19.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

> Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living or working in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment. Although Defendant suffers from hypertension, the CDC's current position is that hypertension alone does not place an individual at increased risk for severe complications from COVID-19. See Coronavirus (COVID-19) Frequently Asked Questions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed June 3, 2020).

The CDC has also determined that "[s]evere obesity, defined as a body mass index (BMI) of 40 or above, puts people at higher risk for complications from COVID-19." People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed June 4, 2020). But Defendant's BMI, based on his height and weight as listed in the PSR, is only 31.2.

Further, Defendant has over nine years left on his 216-month sentence for distributing crack cocaine, a sentence significantly below the applicable imprisonment guideline range at Defendant's sentencing given Defendant's status as a career offender. The

Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jermaine Speed's Amended Motion for Compassionate Release (d/e 66) and Defendant's pro se motion for compassionate release (d/e 62) are DENIED.

ENTER: June 4, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE